CHARLES WATSON, Respondent, v. MATTHEW T. BRENNAN, Sheriff, etc., Appellant.

In an action against a sheriff for falsely returning an execution *nulla bona*, the burden is upon plaintiff to show that there was property upon which defendant, by the exercise of proper diligence, could have levied, not upon defendant to show that he could find none.

(Argued April 20, 1876; decided April 28, 1876.)

THIS was an action against defendant, as sheriff of the county of New York, for making a false return of *nulla bona* to an execution.

In November, 1870, James O'Brien, then sheriff of said county, seized the stock of goods of E. P. Sanger & Co., by virtue of an attachment for $3,000. O'Brien's term of office expired and defendant became sheriff on January 1, 1871. On the twelfth of that month, he received the executions against Sanger & Co., amounting to nearly $10,000. On the same day, his deputy went to the store to make a levy but found it in possession of O'Brien's deputy, who would not let defendant's deputy into the store, or allow him to take possession or make an inventory; he claimed to have made an informal levy by announcing that he levied on the surplus, subject to the attachments. On the fourteenth January, O'Brien's deputy removed a portion of the goods; of this neither defendant nor his deputy had any notice at the time, and, when advised of it, endeavored to find where the goods were, inquiring of O'Brien's deputy, the judgment debtors and others, but could not ascertain, and it did not appear that defendant or his deputy learned where they were until the execution had run out. On the fifteenth January, defendant's deputy put a person outside the store to watch. On the 1st February, 1871, plaintiff recovered a judgment against Sanger & Co. for about $500, and issued an execution to defendant. A similar informal levy was made, subject to the attachment and the prior executions. O'Brien's deputy remained in possession of the store, excluding defendant's deputy therefrom, until February twenty-fourth, when a

petition in bankruptcy was filed against Sanger & Co., and an injunction was issued restraining defendant from selling under the executions. On March eleventh, Sanger & Co. were declared bankrupts, and assignees appointed; the injunction was so far modified as to allow defendant to sell under his executions and hold the proceeds. On such sale, all the property in the store fell short of satisfying the two executions prior to plaintiff's. The goods removed by O'Brien's deputy were retained by him until the adjudication in bankruptcy, when they were delivered to the United States marshal by whom they were sold for about $5,000. *Held*, that defendant was justified in returning plaintiff's execution *nulla bona*; that as to the goods left in the store, the former executions had the priority, and the goods being insufficient to satisfy them, plaintiff could not complain; that plaintiff could not complain of the removal of the goods, as defendant did not then have his execution, and due effort and inquiry having been made to ascertain their whereabouts, he was not liable; also, that defendant was not bound to assume that the attachment was illegal. The court also reaffirmed the doctrine above stated.

*A. J. Vanderpoel* for the appellant.

*S. B. Brownell* for the respondent.

EARL, J., reads for reversal and new trial.
All concur.
Judgment reversed.